IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RONALD STEVENS,<br><br>     Petitioner,<br><br>vs.<br><br>WARDEN JAY FORSHEY,<br><br>     Respondent. | CASE NO. 3:26-CV-00268-SO<br><br>JUDGE SOLOMON OLIVER, JR.<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Ronald Stevens, a prisoner in state custody, seeks a writ of habeas corpus from this Court under 28 U.S.C. § 2254. (ECF #1). After the District Judge referred the matter to me to prepare a Report and Recommendation (ECF #4), I directed Respondent Warden Jay Forshey (hereinafter, the State) to answer the petition and submit a copy of the state court record, including transcripts of the relevant criminal proceedings (ECF #5). Before me is the State's Motion for Writ of Certiorari seeking an order directing the Lucas County Clerk of Court to provide the State and the Court copies of those transcripts. (ECF # 7). The transcripts the State seeks through the writ were sealed in the state courts.

For the reasons that follow, I recommend the District Court **DENY** the Motion and direct the State to seek relief in the appropriate court.

## BACKGROUND

According to the petition, Mr. Stevens was convicted of nine counts of rape, six counts of sexual battery, eleven counts of gross sexual imposition, and three counts of pandering obscenity involving a minor. (ECF #1). During Mr. Stevens's direct appeal, the State requested the appellate court restrict public access to the transcripts of the trial proceedings under Rule 45(E) of the Ohio Rules of Superintendence. (*See* ECF #7-1 at PageID 39). Under that rule, a court "shall restrict public access to information in a case document or, if necessary, the entire document, if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest." Ohio Sup. R. 45(E)(2). The State argued restricting public access to the transcripts

1

was necessary to protect the identities of the minor victims. (*See* ECF #7-1 at PageID 41). The Ohio Court of Appeals, Sixth Appellate District, granted the motion and ordered the clerk to remove the transcripts from public access. (*Id.* at PageID 41).

The State asserts the trial court transcripts are necessary to comply with its duty to provide the district court with relevant materials under Rule 5 of the Rules Governing § 2254 Cases (Habeas Rules) and to respond to Mr. Stevens's constitutional claims, including his challenge to the sufficiency of the evidence. (ECF #7 at PageID 37). To fulfill its duty under Rule 5 of the Habeas Rules, the State's answer to the petition must include transcripts from criminal proceedings the State considers relevant. According to the State, local officials refused to provide those transcripts, citing the Sixth District's order restricting them from public access. (ECF #5 at PageID 37). The State requests this Court issue a writ of certiorari under 28 U.S.C. § 1651[1] ordering the Lucas County Clerk of Court to produce copies of those transcripts to the State and this Court. (*Id.*). Its Memorandum in Support does not discuss or cite any case law establishing that a writ of certiorari should issue under the present circumstances.

### DISCUSSION

The State's request for this Court to countermand the state court's order restricting access to the trial transcripts raises the elementary principle of comity, "that is, a proper respect for state functions." *Younger v. Harris,* 401 U.S. 37, 44 (1971). In the context of federal courts issuing orders to state courts, the principle of comity counsels extreme caution before exercising such authority:

> [T]he notion of "comity," . . . is [] a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. . . [T]he concept . . . represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

---

[1] Also known as the All Writs Act, § 1651 provides in pertinent part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

*Id.* at 44.

Under this principle, federal courts have abstained from overriding a state court's order sealing or protecting court records from public access. *See, e.g., Feinwachs v. Minn. Hosp. Ass'n,* No. 11-cv-8, 2018 WL 882808, at *4 (D. Minn. Feb. 13, 2018) ("This Court will not exercise what amounts to appellate jurisdiction and effectively override or vacate a state court protective order shielding documents from the public."). Other federal courts have similarly denied requests to intrude on a state court's order restricting access to court documents and have directed the party to first seek relief from the issuing court. *See Camiolo v. State Farm Fire and Cas. Co.,* 334 F.3d 345, 359 (3rd Cir. 2003) (holding that a district court confronted with a request to compel disclosure of matters occurring before a state grand jury should, absent "extraordinary circumstances. . . [or] [o]ther circumstances calling for federal intervention," abstain from interfering with state judicial process and direct the seeking party to apply for relief under applicable state statutes and procedural rules); *Wilfong v. City of Boise,* No. 1:21-cv-298, 2022 WL 1912218 (D. Idaho June 3, 2022) (refusing to enforce subpoena seeking documents ordered sealed by the state court on principles of comity and directing plaintiff to seek relief in the state court); *M.S. v. Angus,* No. 2:23-cv-9957, 2025 WL 2995081, at *7 (C.D. Cal. Sept. 2, 2025) (refusing, on principles of comity and federalism, to compel production of documents subject to a state court protective order absent an attempt to modify the order in state court).

In this case, granting the State's request for a writ of certiorari directing the Lucas County Clerk of Court to provide copies of those transcripts to the State and the Court would effectively override the Sixth District's order restricting public access under Ohio Superintendence Rule 45(E). Moreover, the Ohio Rules of Superintendence provide an avenue for the State to obtain the requested transcripts. In relevant part, Superintendence Rule 45(F)(1) provides that any person may request access to a case document or information in a case document that has been granted restricted public access under Rule 45(E). The state court may permit public access to the information the person seeks "if it finds by clear and convincing evidence that the presumption of allowing public access is no longer outweighed by a higher interest." Ohio Sup. R. 45(F)(2). The State indicates it tried to obtain the desired transcripts from "local officials," but apparently has not sought relief from the issuing court. (ECF #7 at PageID 37). Nor has the State established extraordinary or other circumstances calling for federal intervention at this time.

3

CONCLUSION AND RECOMMENDATION

For these reasons, I recommend the District Court:

- **DENY** the State's Motion for a Writ of Certiorari (ECF #7);

- **ORDER** the State to seek relief from the order restricting public access in the appropriate state court;

- **ORDER** that if the State succeeds in lifting or modifying that order in the state court, then it must file (i) on the public docket of this Court redacted transcripts (as prepared by the State), and (ii) under seal unredacted copies of the transcripts; and

- **ORDER** that if the State cannot obtain relief from the sealing order, then it must submit an application to this Court establishing extraordinary or other circumstances calling for federal intervention in the unsealing of the State court records at issue.

Dated: April 22, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

Objections, Review, and Appeal

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge.** *See* **Fed. R. Civ. P. 72(b)(2);** *see also* **28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.**

**Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation.** *Berkshire v. Dahl*, **928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object."** *Howard v. Sec'y of Health and Hum. Servs.*, **932 F.2d 505, 509 (6th Cir.**

4

1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).