UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD STEVENS, *Pro Se*, | ) | Case No.: 3:26 CV 268 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN JAY FORSHEY, *et al.*, | ) | |
| | ) | |
| Respondents | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Warden Jay Forshey's ("Respondent" or the "Warden") Motion for Writ of Certiorari to the Lucas County Clerk of Court, (ECF No. 7), filed pursuant to 28 U.S.C. § 1651.[1] Under Local Rule 72.2(b)(2), this case was previously referred to Magistrate Judge Darrell A. Clay ("Judge Clay" or the "Magistrate"). Thus, Judge Clay prepared a Report and Recommendation ("R&R"), (ECF No. 8), on Respondent's Motion, recommending it be denied. For the reasons below, the court adopts the R&R, and denies the Motion.

## I. BACKGROUND

On February 2, 2026, Petitioner Ronald Stevens ("Stevens") initiated this lawsuit by filing

---

[1]    The All Writs Act at 28 U.S.C. § 1651 provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[2] (ECF No. 1, Pet.), challenging his 2021 criminal trial in the Lucas County Court, and seeking dismissal of his numerous felony convictions.[3] This Order, however, concerns the interim matter of Respondent seeking a Writ of Certiorari from the Magistrate Judge, to require the Lucas County Common Pleas Court to produce trial and sentencing transcripts from Stevens' state court case. (ECF No. 7, Mot.)

After the Section 2254 Petition was filed, this case was automatically referred to the Magistrate, and on March 2, 2026, the Magistrate ordered Respondent to file an Answer/Return of Writ to the Petition within sixty days, in compliance with the Rules Governing Section 2254 Cases. (ECF No. 5, Initial Order at PageID 32.) The Magistrate's Initial Order also indicated: "As part of the Return of Writ, Respondent must provide copies of all transcripts, opinions, indictments/informations, affidavits, orders, and docket sheets pertaining to the proceedings from which Petitioner seeks relief in this Court." (*Id.*) Of these requirements, the one at issue here is that, "[the Magistrate] directed Respondent . . . [to] submit a copy of the state court record, including transcripts of the relevant criminal proceedings." (R. & R. at PageID 42.)

However, on April 9, 2026, in lieu of filing an Answer/Return of Writ, the Warden instead

---

[2]     Stevens' convictions were affirmed on December 21, 2023, by the Sixth District Court of Appeals for Lucas County, and the Supreme Court of Ohio denied his request for its review of the decision. (*Id.* at PageID 2–3.) On July 3, 2024, Stevens' Application to Reopen Direct Appeal Pursuant to Appellate Rule 26(B), was denied by the Sixth District Court of Appeals without a hearing. (*Id.* at PageID 3–4.) Stevens again sought review by the Supreme Court of Ohio, but it denied review on January 28, 2025, notwithstanding one dissenting opinion. (*Id.* at PageID 3, 5.)

[3]     Stevens was sentenced in state criminal court for: nine counts of rape, six counts of sexual battery, eleven counts of gross sexual imposition, and three counts of pandering obscenity involving a minor. (Pet. at PageID 1.)

filed the instant Motion for Writ of Certiorari. (ECF No. 7.) Accordingly,[4] on April 22, 2026, the

Magistrate issued an R&R, (ECF No. 8), on the discrete issue of the Warden's request that he issue

a Writ of Certiorari. The R&R recommends the Motion be denied. (*Id.*) On May 5, 2026, the Warden

timely filed his Objection. (ECF No. 9.) The matter is now ripe.

## II. LEGAL STANDARD

When a court receives timely written objections to a magistrate judge's R&R, it "shall make

a *de novo* determination of those portions of the report or specified findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1). This *de novo* review is limited to issues a party

specifically identifies and challenges, so a "general objection, or one that merely restates the

arguments previously presented is not sufficient." *Howard v. Secretary of Health and Human Servs.*,

932 F.2d 505, 509 (6th Cir. 1991); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Without specific objections, "[t]he district court's attention is not focused on any specific issues for

review, thereby making the initial reference to the magistrate useless. . . . wast[ing] judicial resources

rather than saving them, and run[ning] contrary to the purposes of the Magistrates Act." *Aldrich*, 327

F. Supp. 2d at 748 (citing *Howard*, 932 F.2d at 509). Thus, a court that receives general objections

to a magistrate's R&R, "need only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes; *see also,*

*e.g.*, *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018)

(citation omitted) (stating courts should not do "reexamination of the exact same argument that was

---

[4]     The referral to the Magistrate "shall include the issuance by the Magistrate Judge for
        any order requiring the respondent to answer, . . . or any appropriate order directed
        to the matter pursuant to Rule 4 of the Federal Rules of Civil Procedure governing
        Habeas Corpus cases. LR 71.1(f)," which includes the instant Motion. (ECF No. 4
        at PageID 31.)

-3-

presented to the Magistrate"); *Brown v. Hamilton Cnty.*, No. 1:19-CV-00969, 2022 WL 2816266, at *2 (S.D. Ohio July 19, 2022) (citation omitted) ("disregard[ing]" general objections).

Accordingly, the court must determine whether the Objection contains specific objections. *Aldrich*, 327 F. Supp. 2d at 749. Insofar as it does specifically object, the court will make a "*de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, insofar as it states "mere disagreements with the R&R," the court will review for clear error. *Brown*, 2022 WL 2816266, at *2.

### III. LAW AND DISCUSSION

Federal district courts may grant Writs of Certiorari when "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. In the instant 1-page Motion, the Warden "requests that the Court issue a writ of certiorari to the Lucas County Clerk of Court to produce to Respondent and to the Court the 'sealed' trial and sentencing transcripts in *State v. Ronald Stevens*, Case No. CR20-1186, where it can likewise be filed in the above-captioned case under seal." (Mot. at PageID 37.) The referenced transcripts were sealed by the Appellate District Court during Stevens' direct appeal, upon the State requesting that the court "restrict public access to the transcripts of the trial proceedings." (R. & R. at PageID 42; Mot. Ex. A, Direct Appeal Ct. Order at PageID 39–41.) The Warden makes no other arguments as to why granting a Writ of Certiorari is appropriate in this case.

### A.      Magistrate's Report & Recommendation

The Magistrate found that the fundamental principle of comity counsels against issuing a Writ of Certiorari at this time. The R&R explains that federal courts generally "abstain[] from overriding a state court's order sealing or protecting court records from public access," and that "[i]n

this case, granting . . . a writ of certiorari directing the Lucas County Clerk of Court to provide copies of those transcripts to the State and the Court would effectively override the Sixth District's order restricting public access under Ohio Superintendence Rule 45(E)." (R. & R. at PageID 44.) Moreover, the Magistrate notes that "the Ohio Rules of Superintendence provide an avenue for the State to obtain the requested transcripts," under Rule 45(F)(1), so the court's intervention is not necessary. (*Id.*) In Conclusion and Recommendation, the Magistrate recommended that this court:

- DENY the State's Motion for a Writ of Certiorari (ECF #7);

- ORDER the State to seek relief from the order restricting public access in the appropriate state court;

- ORDER that if the State succeeds in lifting or modifying that order in the state court, then it must file (i) on the public docket of this Court redacted transcripts (as prepared by the State), and (ii) under seal unredacted copies of the transcripts; and

- ORDER that if the State cannot obtain relief from the sealing order, then it must submit an application to this Court establishing extraordinary or other circumstances calling for federal intervention in the unsealing of the State court records at issue.

(*Id.* at PageID 45.)

## B.    Respondent's Objection

In the Objection, the Warden does not argue with the R&R's finding that the Writ of Certiorari should be denied based on principles of comity, or that this court should avoid overriding a state court's protective order. To the contrary, the Warden indicates he is now "actively seeking the transcripts through the state courts." (Obj. at PageID 51.) Because the Objection does not challenge any of the R&R's reasoning and support for denying the Motion, the court need only

ensure there is no clear error before adopting those findings. Fed. R. Civ. P. 72, Advisory Committee Notes. Especially given the Warden is now pursuing relief in the state court, the court's review of the R&R finds no clear error in its reasoning and ultimate finding that the Motion should be denied.

However, the Warden specifically objects to a single line of the R&R's Conclusion, thereby triggering *de novo* review of that specific issue. Namely, the Warden "wish[es] to object to the R&R's third bullet point – that redacted copies should be filed on the public docket for this case and that unredacted copies should be filed under seal." (Obj. at PageID 51.) He contends that the copies filed on their docket should be sealed, "request[ing] that the Court order that only the unredacted transcripts, once obtained, be filed under seal in this matter." (*Id.* at PageID 52.) Thus, the court will now address whether the transcripts must be filed exclusively under seal, and should be kept off of the court's public docket in any form.

### 1.     The Warden's Objection to Request the Sealing of Court Records

The Objection challenges the R&R only insofar as it states that the transcripts should be placed on the public docket in redacted form, contending that they must be fully sealed instead. It is well-established that federal courts adhere to a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Court records will be made accessible to the public, unless "[t]he burden of overcoming that presumption" is satisfied by "the party that seeks to seal them." *Id.* Crucially, their "burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

To determine whether to seal records, "a court must balance the litigants' privacy interests

against the public's right of access, recognizing . . . [the] strong presumption in favor of openness." *Rudd Equip. Co.*, *Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). This includes "consider[ing], among other things, the competing interests of the defendant's right to a fair trial, the privacy rights of participants or third parties, trade secrets, and national security." *Id.* In civil cases, records are "typically" only sealed when necessary for "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), [or] information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 594–95 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). On top of this, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc.*, F.3d at 305 (citation omitted).

Finally, a party seeking to seal court records must assert a "clearly defined and serious injury," and "must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–08.

2.      Whether the Transcripts Should Be Sealed

As explained above, the Warden specifically objects solely to argue that the transcripts must be sealed, rather than redacted. He argues in a brief and conclusory manner that the transcripts should be sealed based on the fact that they were sealed by the court that heard Stevens' direct appeal. The Objection, totaling two pages, (Obj. at PageID 51–52), asserts the following:

> To show the propriety of sealing a filing, the movant must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). That

standard is met here.

> To start, these transcripts are already filed under seal. Courts have previously found a compelling interest in the efforts to maintain the seal on documents already under seal. *See e.g. [sic] Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, Case No. 3:13-cv-82, 2017 WL 3220470, 2017 U.S. Dist. LEXIS 118712, at *19 (W.D. Ky. July 28, 2017). Moreover, the interest in sealing outweighs the public's interest in accessing the records, because these records are already sealed by order of the Sixth Appellate District for Lucas County due to the sensitive, confidential, and identifying information of the minor victims. As such, the public's interest is not impacted by this Court continuing to keep the documents under seal.

(Obj. at PageID 52.) In essence, the Warden contends this court should seal the transcripts because they were previously sealed by the state appellate court. He argues that another court sealing the transcripts is proof that there is "[s]omething in these transcripts [that] is so unique or pervasive that redaction was not enough to protect these children's privacy," and further argues they must be sealed because: "[i]f the state court believed that redacting portions of the trial transcripts were sufficient to protect the children's identities, it would have ordered so." (*Id.* at PageID 51–52.) Considering these arguments, the court must determine whether there is a demonstrated "compelling reason" to seal the court records, and then whether the requested seal is "narrowly tailored to serve that reason." *Shane Grp., Inc.*, F.3d at 305 (citation omitted).

The court finds that the Warden falls short of establishing a compelling reason justifying non-disclosure of court records. His argument for sealing court records is based only on the fact that the state appellate court previously decided to seal the transcripts, but that is not persuasive. Separate and apart from the state court's decision, *this* court has an "independent duty" to determine whether to seal records on its docket and "deny public access to court documents." *Rudd Equip. Co., Inc.*, 834 F.3d at 592–93. And, in so doing, the court is "bounded by a 'long-established legal tradition' of the

'presumptive right of the public to inspect and copy judicial documents and files.'" *Id.* (citing *Knoxville News–Sentinel Co.,* 723 F.2d at 474). In fact, a court that seals any part of the record has an "obligation to explain the basis for sealing court records [that] is independent of whether anyone objects to it." *Shane Grp., Inc.*, 825 F.3d at 306. Thus, the Warden's objection to filing redacted transcripts on the public docket cannot prevail based on the circular argument that the records being sealed by the state court is proof that they must be sealed by this court. That is a false equivalence, because regardless, *this* court cannot seal records without "set[ting] forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 305 (quoting *Brown & Williamson*, 710 F.2d at 1176). And, the Warden has not made the necessary showing for the court to properly seal court records at this time.

Notably, the Warden's objection does not include the "proponent of sealing['s] . . . analy[sis] in detail, document by document, [of] the propriety of secrecy, providing reasons and legal citations," as required. *Id.* at 305–06. Instead, the Warden merely offers "scant evidence in favor of sealing the court record." *Rudd Equip. Co., Inc.*, 834 F.3d at 594. He does not discuss the competing interests of sealing versus disclosing the transcripts, nor adequately address the public's "common law right of access to court filings." *Id.* at 595. Moreover, he does not identify a "clearly defined and serious injury" with "specificity," *Shane Grp., Inc.*, 825 F.3d at 308, and does not explain how a specific compelling interest outweighs the public's "strong interest in obtaining the information contained in the court record." *Id.* at 305. As a result, the court cannot effectively "balance[] the competing interests prior to sealing," *id.* at 306 (citation omitted), let alone find that balance weighs against the "presumptive right of the public to inspect and copy judicial documents and files." *Rudd Equip. Co., Inc.*, 834 F.3d at 595. Thus, sealing the transcripts is not justified at this time.

Notwithstanding the above, the court acknowledges this case involves victims that are minors, and so is in one of the few category of cases where portions of the record are often sealed to protect the privacy of minors. *See, e.g.*, *id.* at 594–95. Still, absent the requisite showing, the court will not preemptively decide the public must be denied all access to the transcripts. Although courts do routinely seal records to conceal minor victims' identities, those sealings still must be supported by a party's "show[ing] a compelling reason for sealing," and "why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 305). Here, the Warden has not met the burden to justify non-disclosure; but even if he had overcome the presumption of open court records, he would still thereafter have to demonstrate that the scope of the seal is appropriate. *Id.* The law mandates seals be narrowly tailored, so a compelling interest in non-disclosure does not necessarily warrant sealing entire transcripts. Yet, the Warden does not explain how sealing the transcripts entirely in this case, instead of redacting portions with identifying information, is nonetheless "no broader than necessary." *Shane Grp., Inc.*, 825 F.3d at 306. He also does not explain why redactions such as those already contemplated by the R&R are inadequate, or otherwise address narrowly tailoring his request to seal. Ultimately, the court cannot, at this time, order sealing of the records in a manner that according with its obligation to "explain the basis for sealing," including "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.*

In addition, the redacted transcripts are to be prepared by the State, so it will be able to redact the identifying information with which it is concerned. Or, once transcripts are obtained from the

County Court, the State may still move the Magistrate Judge to seal specific portions of the transcripts, if it thinks appropriate. With that said, the court cautions that any future requests to seal must state a specific injury if portions are not sealed, identify a compelling interest outweighing the public's interest in open records, and ensure the desired seal is tailored accordingly, sealing no more than necessary.

In sum, the Warden's objection to filing redacted transcripts on the public docket fails. Moreover, given the lack of any other objections to the R&R, the court otherwise "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes. The court carefully reviewed the R&R and record, including considering the Warden currently seeking relief in the state court, and finds no clear error.

### IV. CONCLUSION

For the reasons stated above, and after careful review of the R&R and associated record, the court finds no clear error on the face of the R&R. In addition, upon *de novo* review, the court finds Respondent's single objection failed to meet the burden to establish that relevant court records should not be made available to the public in redacted form, so the Objection fails. Thus, the court hereby adopts the Report and Recommendation, (ECF No. 8), and, accordingly, denies the Motion for Writ of Certiorari. (ECF No. 7.) As stated in the R&R, the court also hereby orders:

> (1) that Respondent seek relief from the order restricting public access in the appropriate state court;
>
> (2) that, if successful in lifting or modifying the aforementioned order, then Respondent must both (i) file redacted transcripts (as prepared by the state) on the public docket, and (ii) file unredacted copies of the transcripts under seal; and finally
>
> (3) that, if unable to obtain relief from the sealing order as ordered herein, Respondent must submit to this court a motion establishing extraordinary or other

circumstances establishing federal intervention in the unsealing of these state court records is appropriate.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 1, 2026